PUBLISHED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05MC00042 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ANNA G. HAWKINS**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Elizabeth A. Wilson, Assistant United States Attorney, Tucson, Arizona, and Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for the United States; John R. Hannah, Hoidal & Hannah, P.L.C., Phoenix, Arizona, and David L. Scyphers, Scyphers & Austin, P.C., Abingdon, Virginia, for Defendant.*

In 1997 the defendant was sentenced to a term of probation and ordered to pay restitution in monthly installments to the victims of her criminal offense. Her probation has been served and the United States has obtained an order for her to appear for a debtor's examination in order to determine her financial ability to pay the balance of the restitution owed. The defendant has moved to vacate the order on the ground that because she is current on her monthly installments, the United States cannot use any other methods to collect the restitution debt. For the reasons set forth herein, I reject the defendant's position and decline to vacate the order.

I

Anna G. Hawkins, now known as Anna Sherry, was convicted in this court of the interstate transportation of stolen money, 18 U.S.C.A. § 2314 (West 2000). On December 10, 1997, she was sentenced to five years probation. In addition, she was ordered to pay restitution in the total amount of $328,919.31 to nine separate victims of her crime. The criminal judgment form entered by the court provided that payment of this amount "shall be due as follows:

>   (x)    in full immediately; or
>
>   . . . .
>
>   (x)    in installments of a minimum of $100 to be due by the 15th of each month, the first being due January 15, 1998."

(Judgment, Case No. 97-00014-02, Dec. 10, 1997.)

The defendant has served her term of probation and, as far as the record reveals, has continued to pay the restitution installments of $100 per month. According to the government, however, the balance still due, including interest, is $436,546.15.[1]

The defendant now lives in Phoenix, Arizona, and earlier this year the government obtained a order from the United States District Court for the District of

---

[1] As of January 6, 2005. (Resp. to Def.'s Mot. 4.)

Arizona directing her to appear before a magistrate judge of that court to be examined as to her financial ability to pay the restitution. The defendant moved to vacate the order on the ground that as long as she made the installment payments as directed by the sentencing court, the government had no authority to use other collection methods.

By agreement of the parties, the Motion to Vacate was transferred to this court for resolution. The issues have been briefed and the motion is ripe for decision.

II

Under the Mandatory Victims Restitution Act of 1996 ("MVRA"), after the sentencing court has ordered the defendant to pay restitution in the full amount of each victim's loss, the sentencing court must then set forth "the manner in which, and the schedule according to which, the restitution is to be paid" based on a consideration of the defendant's financial condition. 18 U.S.C.A. § 3664(f)(2) (West 1994 & Supp. 2005).[2] This can be in the form of a lump-sum payment, partial

---

[2] The MVRA provides that it "shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which the defendant is convicted on or after [April 24, 1996]." 18 U.S.C.A. § 2248, statutory notes. Because the defendant was convicted on December 10, 1997, the MVRA applies to the extent that it does not violate the Constitution, but application of one aspect of the MVRA arguably violates the Ex Post Facto Clause. Unlike its predecessor statute, the MVRA mandates restitution in the full amount of each victim's loss and requires that the sentencing court enter this order of full restitution
- 3 -

payments at specified intervals, in-kind payments, or nominal periodic payments if the court finds that the defendant's economic circumstances warrant it. *Id*. § 3664(3)(A)-(B).

The defendant argues that as long as she is in compliance with the installment schedule created by the sentencing court under the MVRA's mandate, the government has no power to pursue other means of enforcing the restitution order. I disagree, however, and join with other district courts in holding that these "[c]ourt-imposed payment schedules are merely one means available to enforce a restitution judgment" and do not prevent the government from pursuing other lawful enforcement methods. *United States v. James*, 312 F. Supp. 2d 802, 807 (E.D. Va. 2004); *see also United States v. Hanhardt*, 353 F. Supp. 2d 957, 959-960 (N.D. Ill. 2004) (permitting the government to obtain immediate restitution despite existence of court-imposed

---

"without consideration of the economic circumstances of the defendant." 18 U.S.C.A. §§ 3663(a)(1), (c)(1)(A)(ii); 3664(f)(1)(A). The circuits are split on whether application of this provision of the MVRA to defendants whose crimes were committed prior to the enactment of the MVRA violates the Ex Post Facto Clause, and the Fourth Circuit has not yet decided this issue. *See United States v. Bollin*, 264 F.3d 391, 420 n.19 (4th Cir. 2001). The sentencing court here noted this potential constitutional violation, and thus considered the defendant's financial circumstances in accordance with pre-MVRA law before awarding the restitution amount. (Sentencing Tr. 12-14.) Other provisions of the MVRA relevant to the instant case are not detrimental to the defendant and thus can be applied without fear of violating her constitutional rights. *See, e.g. Stogner v. California*, 539 U.S. 607, 611-12 (2003) (explaining that the Ex Post Facto Clause only prohibits retroactive laws that are manifestly unjust and setting forth the four main categories of laws that fit within that definition).

payment plan); *United States v. Bedonie*, 317 F. Supp. 2d 1285, 1330-31 (D. Utah 2004) (explaining that a rule under which a defendant could never be required to pay anything above the court-imposed payment schedule would significantly hamper crime victims and contradict the fundamental purposes of the MVRA), *rev'd on other grounds*, 413 F.3d 1126 (10th Cir. 2005); *N. Phila. Fin. P'ship v. Steele (In re Steele)*, No. 04-14597DWS, 2005 WL 2077000, at *15 (Bankr. E.D. Pa. Aug. 15, 2005) (stating that "it is clear from the statute that payment according to the fixed schedule does not satisfy the restitution obligation" and "the judgment may be immediately enforced against all property of the defendant").

The underlying policy of the MVRA is "to ensure that the loss to crime victims is recognized, and that they receive the restitution that they are due." S. Rep. No. 104-179, 1996 U.S.C.C.A.N. 924, 925. This policy would be undermined if the court-imposed payment schedule created a right in the defendant to pay no more than the ordered installments. The better view is that a payment schedule simply serves as another collection method for the benefit of the victim rather than as a benefit to the defendant. This conclusion is supported by the fact that a court-imposed payment schedule is backed by sanctions for noncompliance. If the court sets forth a payment schedule in a restitution order and a defendant is found to be in default, the court then has the power to revoke the defendant's probation or supervised release, hold her in

contempt of court, or use various other enforcement measures. *See* 18 U.S.C.A. § 3613A(a)(1). Thus, a payment schedule is simply one means of ensuring that restitution will be paid by the defendant.

Under the MVRA, a victim named in a restitution order has an independent right to enforce the restitution that is not contingent on showing that the defendant is in default. *Id*. § 3664(m)(1)(B). After a restitution order is issued, a victim can obtain an abstract of a judgment for the full amount and record it as "a lien on the property of the defendant." *Id*. As the Second Circuit noted in *United States v. Walker*, "[t]he significance of [a court-imposed payment schedule] is diminished" by the fact that a victim has this ability to enforce the debt immediately. 353 F.3d 130, 133 (2nd Cir. 2003).

In addition to providing enforcement power to victims, the MVRA grants the government the power to enforce victim restitution orders in the same manner that it recovers fines and "by all other available and reasonable means." 18 U.S.C.A. § 3664(m)(1)(A)(I)-(ii). The defendant contends, however, that the government is prohibited from pursuing these independent enforcement efforts when a sentencing court imposes a payment schedule and there has not been any default. Admittedly, the MVRA provides for modification of payment schedules when evidence of a material change in the defendant's economic circumstances is presented to the

sentencing court, and this would allow the government to accelerate satisfaction of a restitution order when a defendant is not in default but is capable of paying the debt at a quicker pace. *Id*. § 3664(k). However, nothing in the MVRA indicates that this is the only method by which the government can obtain full satisfaction of a restitution order when a defendant is current on a court-imposed payment schedule.

In fact, the provision of the MVRA providing for civil enforcement by the United States for the collection of fines and restitution does not require a showing that the defendant is in default, but rather requires only the entry of judgment. *Id*. § 3613(a), (c). This section states that an order of restitution constitutes a lien on the defendant's property that "arises on the entry of judgment" and that the United States may enforce a restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *Id*. § 3613(a), (c), (f). The practices and procedures for enforcement of a civil judgment under federal law are set forth in the Federal Debt Collection Procedures Act of 1990, and one available procedure is discovery of the financial condition of the debtor. *See* 28 U.S.C.A. § 3015(a) (West 1994). In light of the MVRA's policy and language, I find that a court-imposed payment schedule does not prevent the government from pursuing this enforcement procedure.

My conclusion is bolstered by the fact that the restitution here was ordered due "in full immediately." The alternative schedule of $100 per month was imposed in the event that the full amount was not paid, and the use of such schedule was not intended to preclude the government from pursuing other means of enforcement. *See United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000) (holding that it is permissible for a sentencing court to order the entire restitution amount immediately due if it also sets a payment schedule to be followed in the event that the defendant cannot make immediate payment in full); *see also James*, 312 F. Supp. 2d at 806. Therefore, the fact that the defendant in this case is current on her monthly installments does not prevent the government from obtaining a debtor's examination in an effort to independently enforce the restitution order.

III

For the foregoing reasons, the defendant's Motion to Vacate Order for Appearance of Judgment Debtor will be denied and this case will be returned to the District of Arizona for further proceedings.

DATED: October 19, 2005

/s/ JAMES P. JONES
Chief United States District Judge